

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:                          Opinion No. O-4372
                                   Re: How often should home demon-
                                        stration agents and county
                                        agricultural agents be em-
                                        ployed as such agents?

          Your letter of January 27, 1942, requesting the
opinion of this department on the above stated question reads
in part as follows:

          "The Honorable Commissioners' Court of
     Liberty County have requested an opinion from
     your department upon the question as to whe-
     ther or not the County has to employ Home
     Demonstration Agents and County Agents once
     every two years, if not, then how often they
     have to employ said agents.

          "The only Statute that I can find deal-
     ing with the subject insofar as Commissioners'
     Courts are concerned is Article 164, which
     reads as follows:

          "'The Commissioners' Court of any County
     of this state is authorized to establish and
     conduct co-operative demonstration work in
     Agriculture and Home Economic in co-operation
     with the Agricultural and Mechanical College
     of Texas, upon such terms and conditions as
     may be agreed upon by the Commissioners' Court
     and the Agents of the Agricultural and Mechani-
     cal College of Texas; and may employ such means,

and may appropriate and expend such sums of
money as may be necessary to effectively es-
tablish and carry on such demonstration work
in Agriculture and Home Economics in their
respective counties. (Acts 1911, p. 105;
Acts 1st C.S. 1917, p. 56; Acts 1927, 40th
Leg. p. 9, Ch.. 6, #1.)'

"In view of the fact that the Commission-
ers' Court must fix their budget every year,
I think that in view of this Statute that
they would in their budget have to allot a
certain amount of money to provide for the
salary of the County Agricultural Agent and
County Demonstration Agent. These funds would
be appropriated and set aside in the budget.
Probably this would contemplate the employ-
ing of the Agents once each year, although
the Statute does not seem to cover and be very
definite upon the subject."

Referring to Article 164, supra, it is stated in
our opinion No. C-2498:

"Agricultural agents are employed by the
counties under said statute."

We are enclosing copies of the above mentioned
opinion and opinion No. 0-1022 for your convenience. It
will be noted that opinion No. 0-2498 is overruled in part
by opinion No. 0-2709. That part of opinion No. 0-2498
which is overruled by opinion No. 0-2709 is with reference
to the statutory authority whereby the Commissioners' Court
may employ a wolf trapper and pay him a salary out of county
funds.

Article 689a-9, Vernon's Annotated Civil Statutes,
provides:

"The County Judge shall serve as budget
officer for the Commissioners' Court in each
county, and during the month of July of each
year he, assisted by the County Auditor or by
the County Clerk, shall prepare a budget to

cover all proposed expenditures of the county government for the succeeding year. Such budget shall be carefully itemized so as to make as clear a comparison as practicable between expenditures included in the proposed budget and actual expenditures for the same or similar purposes for the preceding year! The budget must also be so prepared as to show as definitely as possible each of the various projects for which appropriations are set up in the budget, and the estimated amount of money carried in the budget for each of such projects. The budget shall also contain a complete financial statement of the county, showing all outstanding obligations of the county, the cash on hand to the credit of each and every fund of the county government, the funds received from all sources during the previous year, the funds available from all sources during the ensuing year, the estimated revenues available to cover the proposed budget and the estimated rate of tax which will be required."

Article 689a-11, Vernon's Annotated Civil Statutes, provides in part:

". . . When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendment to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted."

We are informed by the Department of Cooperative Extension Work in Agriculture and Home Economics of the Agricultural and Mechanical College of Texas that;

"The Commissioners' Courts of practically all counties in Texas have, in compliance with the state law, passed orders appropriating funds to cooperate with the United States Department of Agriculture Cooperative Extension Work and the State of Texas, through the A. and M. College Extension Service, in providing for county agricultural agents and home demonstration agents. These court orders are continuous at the discretion of the Courts and this agency. . . . The agents are employed by this Service and assigned to the various counties in cooperation with the Commissioners' Courts. . . ."

We have before us a form of an order usually used by the Commissioners' Court in appropriating funds for Cooperative Extension Work in agriculture and home economics which provides in part:

"This appropriation shall be continuous annually until the Commissioners' Court or the Extension Service of the A. and M. College of Texas shall decide to discontinue same, and the order of discontinuance shall be passed only during the month of _____, which time will be near the close of the season and the year's work. Otherwise this order and agreement shall remain in effect from year to year. The Commissioners' Court or the Extension Service of the A. and M. College of Texas shall give notice in writing to the other cooperating agency at least thirty days prior to any official action pertaining to the discontinuance of the work in the county and set a date for a joint hearing. In the event the work is discontinued, the order shall not be effective until thirty days after the date of its passage."

By virtue of the above mentioned statutes, the budget for the county must be prepared in the manner and within the time prescribed by said statute. In preparing the budget

the salaries of the county agricultural agents and home demonstration agents should be included in the budget. The salaries of such agents could not be provided for in the budget for more than one year at a time as the budget is prepared within the time required by statutes for only the succeeding year. It will be noted that Article 164, supra, authorizing the employment of county agricultural agents and county home demonstration agents, is silent with reference to the time which they may be legally employed. In view of the above mentioned statutes, it is our opinion that the Commissioners' Court can legally appropriate funds for the salaries of county agricultural agents and home demonstration agents and set up such appropriations in the county budget from year to year, and that these appropriations shall be continuous annually until the Commissioners' Court or the Extension Service of the A. & M. College of Texas shall decide to discontinue the same. Apparently, the Extension Service of the A. & M. College of Texas places a county agricultural agent or home demonstration agent in a county for duty, and the Commissioners' Court appropriates funds for the salaries of such agents from year to year. Therefore, in answer to the above stated question it is our opinion, as above stated, that the Commissioners' Court shall annually appropriate funds and set up the same in the county budget for the above mentioned agents and the appropriation shall be continuous annually until the Commissioners' Court or the Extension Service of the A. & M. College of Texas shall decide to discontinue the same in compliance with the agreement between the county and the Extension Service Department of the A. & M. College of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

,Ardell illiams
ssistant

APPROVED FEB 13 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AW:GO

ENCLOSURE

